1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEREMY BENSON,

11          Plaintiff,                    No. CIV 10-0124 JAM EFB PS

12          vs.

13   DAVIS ENTERPRISE NEWSPAPER;
     FOY S. MCNAUGHTON; R. BURT
14   MCNAUGHTON; DEBBIE DAVIS;

15          Defendants.                   ORDER

16   _____/

17          This case, in which plaintiff is proceeding *in propria persona*, was referred to the

18   undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

19          Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

20   Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

21   Accordingly, the request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a).  By

22   separate order, the court directs the agency having custody of plaintiff to collect and forward the

23   appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

24          Determining plaintiff may proceed *in forma pauperis* does not complete the required

25   inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time

26   if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails

1

1    to state a claim on which relief may be granted, or seeks monetary relief against an immune

2    defendant.

3         Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

4    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if

5    it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

6    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

7    (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of

8    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

9    a cause of action's elements will not do.  Factual allegations must be enough to raise a right to

10   relief above the speculative level on the assumption that all of the complaint's allegations are

11   true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

12   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

13   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

14        In reviewing a complaint under this standard, the court must accept as true the allegations

15   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

16   (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

17   the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A *pro se* plaintiff must

18   satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule

19   8(a)(2) requires a complaint to plead "factual content that allows the court to draw reasonable

20   that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

21   (2009). This plausibility requirement is "not akin to a 'probability requirement,' but is asks for

22   more than a sheer possibility that a defendant has acted unlawfully." *Id.*

23        Upon review of the complaint, it appears that plaintiff has not identified proper

24   defendants pursuant to 42 U.S.C. § 1983.  Plaintiff improperly seeks to sue Davis Enterprise

25   Newspaper; Foy S. McNaughton, its President and Chief Executive Officer; R. Burt

26   McNaughton, its publisher; and Debbie Davis, its assistant publisher and editor, all pursuant to

42 U.S.C. § 1983.  In order to state a claim under this section, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff alleges that the named defendants unlawfully ran a story in their newspaper that racially profiled him.  Plaintiff, however, fails to allege that the defendants were state actors or that they were otherwise acting under color of law.  *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983 must be a person who may fairly be said to be a governmental actor) (citation and quotations omitted).  Section "1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong."  *Id.*  (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted).  Furthermore, plaintiff fails to identify the constitutional rights the defendants allegedly violated, or explain how their actions resulted in the deprivation of any constitutional right.

Therefore, plaintiff's complaint will be dismissed.  However, plaintiff is granted leave to file an amended complaint and name proper governmental actors, if any can properly be listed as defendants.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to file an amended complaint, he shall identify each defendant in both the caption and the body of the amended complaint, and clearly set forth the allegations against each such defendant.  He shall also specify a basis for this court's subject matter jurisdiction.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.

1    Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not

2    alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.

3    1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v.*

4    *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

5         Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil

6    Procedure, this court's Local Rules, or any court order may result in a recommendation that this

7    action be dismissed.  *See* Local Rule 110.

8         Accordingly, IT IS ORDERED that:

9         1.  Plaintiff's request for leave to proceed *in forma pauperis* is granted.

10        2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

11   accordance with the notice to the Director of the California Department of Corrections and

12   Rehabilitation filed concurrently herewith.

13        3.  Plaintiff's complaint is dismissed with leave to amend.

14        4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

15   complaint.  The amended complaint must bear the docket number assigned to this case and must

16   be labeled "Amended Complaint."  Plaintiff must file an original and two copies of the amended

17   complaint. Failure to timely file an amended complaint in accordance with this order will result

18   in a recommendation this action be dismissed.

19   DATED:  April 22, 2010.

20

21                                    EDMUND F. BRENNAN
                                      UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26