1

2

3

4

5

6

7

8                 IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10 JEREMY JAMISON aka
JEREMY BENSON,

11

12          Plaintiff,                No. CIV S-10-0124 JAM EFB PS

       vs.

13

14 DAVIS ENTERPRISE NEWSPAPER;
FOY S. MCNAUGHTON; R. BURT
MCNAUGHTON; DEBBIE DAVIS;

15

16          Defendants.            <u>ORDER</u>

17 _____/

18       Jeremy Jamison, an inmate confined at Deuel Vocational Institution ("DVI"), filed this

19 pro se civil rights action under 42 U.S.C. § 1983.  This proceeding was referred to this court by

20 Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

21       On April 22, 2010, the court dismissed plaintiff's complaint with leave to amend.  On

22 May 13, 2010, plaintiff filed a first amended complaint.  In addition to his amended complaint,

23 plaintiff has also filed motions to appoint counsel, to compel discovery, for an injunction and

24 removal from DVI, for a protective order, to amend his complaint, and for a temporary

25 restraining order.  *See* Dckt. Nos. 12-15, 17-20, 22-24, 27, 30 and 31.

26 ////

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  *Id.* at 1950.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  An individual defendant is not liable on a civil rights claim unless the facts

1   establish the defendant's personal involvement in the constitutional deprivation or a causal

2   connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

3   *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

4   (9th Cir. 1978).

5          The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it

6   does not state a cognizable claim.  Plaintiff's amended complaint names as defendants Davis

7   police, Yolo County, his trial attorney, a district attorney, the City of Davis, Davis Enterprise,

8   the Woodland Police Department, and the Yolo County Jail.  In his complaint, he alleges that he

9   was not involved in the crime for which he was arrested and was falsely identified by a witness

10  because of racial profiling.  He alleges that the judge who tried his case was biased, as he had

11  coached plaintiff's co-defendant's baseball team, and that his attorney failed to object to the

12  judge trying his case.  He states that there was insufficient evidence to support the charges

13  against him.  Further, he alleges that his lawyer would not allow him to withdraw his plea, and

14  that the attorneys and judge at his trial conspired to frame him.

15         It appears that plaintiff's claim goes to the validity of his conviction or sentence.  The

16  Supreme Court has held that "a state prisoner's § 1983 action is barred (absent prior

17  invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of

18  the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success

19  in that action would necessarily demonstrate the invalidity of confinement or its duration."

20  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis added); *see also Edwards v. Balisok*,

21  520 U.S. 641 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994).  Were plaintiff to succeed on his

22  claims, those findings would necessarily implicate the constitutionality of plaintiff's current

23  imprisonment.  *See Heck*, 512 U.S. at 487.  Plaintiff has not demonstrated that his sentence has

24  previously been invalidated.  His claims challenging the validity of his conviction or sentence

25  should therefore be dismissed.  Plaintiff may wish to file a habeas corpus petition challenging the

26  validity of his conviction on these grounds.

1    However, the other pleadings that plaintiff has filed raise a number of issues that might

2    be properly brought in a civil rights case.  He alleges that in retaliation for filing this lawsuit,

3    prison officials have placed him in a cell with a violent life-sentenced offender, even though he

4    is classified as a lowest level offender.  He states that his cellmate has threatened his life and that

5    he fears that he may be harmed, as another inmate was recently murdered by his lifer cellmate.

6    He alleges that the prison has refused to provide treatment for his Hepatitis C and for his mental

7    health.  He alleges that although he has been classified as disabled by several doctors, the prison

8    is not providing him proper treatment.  He alleges that he almost died from an asthma attack

9    because the prison guards did not provide assistance to him.

10    As these claims are not contained within plaintiff's complaint, in order to proceed

11    plaintiff must file an amended complaint.

12    Any amended complaint must adhere to the following requirements:

13    It must be complete in itself without reference to any prior pleading.  E.D. Cal. Local

14    Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

15    complaint, the original pleading is superseded.

16    It must show that the federal court has jurisdiction and that plaintiff's action is brought in

17    the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must

18    contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

19    personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

20    *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

21    he does an act, participates in another's act or omits to perform an act he is legally required to do

22    that causes the alleged deprivation).

23    It must contain a caption including the name of the court and the *names* of all parties.

24    Fed. R. Civ. P. 10(a).

25    Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ.

26    P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences,

1    the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join

2    multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  Unrelated claims

3    against different defendants must be pursued in multiple lawsuits.  "The controlling principle

4    appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as

5    alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple

6    claims against a single party are fine, but Claim A against Defendant 1 should not be joined with

7    unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in

8    different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit

9    produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation

10   Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file

11   without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605,

12   607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless

13   both commonality and same transaction requirements are satisfied).  Plaintiff may not change the

14   nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d

15   at 607 (no "buckshot" complaints).

16        The allegations must be short and plain, simple and direct and describe the relief plaintiff

17   seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*

18   *County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading,

19   including many defendants with unexplained, tenuous or implausible connection to the alleged

20   constitutional injury or joining a series of unrelated claims against many defendants very likely

21   will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

22   plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

23   these instructions.

24        Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  By signing an amended

25   complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his

26   allegations and that for violation of this rule the court may impose sanctions sufficient to deter

repetition by plaintiff or others.  Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action.

The court turns to the issues raised in plaintiff's various motions.  As plaintiff has not yet filed an amended complaint, and defendants have not yet been served, his motions to compel discovery are denied as premature.  Plaintiff's motion to amend the complaint is granted, as explained above.

Plaintiff has requested that the court appoint counsel.   District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff.  28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case.  Accordingly, plaintiff's requests for counsel are denied without prejudice.

Plaintiff has also filed several motions for an injunction, asking that he be transferred to a federal prison.  A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action.  *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  "Preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. at ___, 129 S.Ct. 365, 375-76 (2008)).  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

In this case, plaintiff has not met this burden.  Notably, he has not shown that he is likely to prevail on the merits of his claims.  He has not yet shown that being placed him in a cell with a life-sentenced offender is a threat to his life or is indeed a retaliatory action.  Neither has he shown that he will prevail on his claim that he is being improperly denied medical treatment. Indeed, one of the exhibits that he attaches states that his hepatitis test was negative.  Thus, plaintiff is not entitled to a preliminary injunction.

Accordingly, the court hereby orders that:

1.  The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "Second Amended Complaint."  Failure to comply with this order will result in a recommendation that this action be dismissed. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

2.  Plaintiff's motion to amend the complaint is denied as unnecessary.  *See* Dckt. no. 24.

3.  Plaintiff's motions to appoint counsel, to compel discovery, for an injunction and removal from DVI, for a protective order, and for a temporary restraining order are denied.  The clerk is directed to terminate Docket Nos. 12, 13, 14, 15, 17, 18, 19, 20, 22, 23, 27, 30 and 31.

Dated:  July 19, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE