IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY JAMISON aka
DWAYNE GARRETT,

       Plaintiff,            No. CIV S-10-0124 JAM EFB PS

    vs.

DAVIS ENTERPRISE NEWSPAPER,
et. al,

       Defendants.       <u>ORDER</u>

_____/

     Jeremy Jamison, an inmate, filed this pro se civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

     On July 19, 2010, the court dismissed plaintiff's first amended complaint with leave to amend.  On July 26, 2010, plaintiff filed a second amended complaint.  In addition, plaintiff has also filed motions "for protection of health," "for submission of evidence," "for protection and submission of evidence," "for removal from DVI," and "for submission of evidence and protective order."  *See* Dckt. Nos. 33, 34, 36, 41.

     The court must conduct an initial review of plaintiff's second amended complaint. Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

1    entity." 28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable claims or dismiss

2    the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or

3    fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a

4    defendant who is immune from such relief."  *Id.* § 1915A(b).

5        A district court must construe a pro se pleading "liberally" to determine if it states a

6    claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

7    opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While

8    detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of

9    action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct.

10   1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff

11   must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

12   plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

13       A claim has facial plausibility when the plaintiff pleads factual content that allows
         the court to draw the reasonable inference that the defendant is liable for the
14       misconduct alleged. The plausibility standard is not akin to a "probability
         requirement," but it asks for more than a sheer possibility that a defendant has
15       acted unlawfully. Where a complaint pleads facts that are merely consistent with a
         defendant's liability, it stops short of the line between possibility and plausibility
16       of entitlement to relief.

17   *Id.* (citations and quotation marks omitted).  Although legal conclusions can provide the

18   framework of a complaint, they must be supported by factual allegations, and are not entitled to

19   the assumption of truth.  *Id.* at 1950.

20       The Civil Rights Act under which this action was filed provides:

21       Every person who, under color of [state law] . . . subjects, or causes to be
         subjected, any citizen of the United States . . . to the deprivation of any rights,
22       privileges, or immunities secured by the Constitution . . . shall be liable to the
         party injured in an action at law, suit in equity, or other proper proceeding for
23       redress . . . .

24   42 U.S.C. § 1983.  An individual defendant is not liable on a civil rights claim unless the facts

25   establish the defendant's personal involvement in the constitutional deprivation or a causal

26   connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

1   *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

2   (9th Cir. 1978).

3       The court has reviewed plaintiff's second amended complaint pursuant to 28 U.S.C.

4   § 1915A and finds that it states an eighth amendment claim against Officer Bailey and retaliation

5   claims against Lt. Shaid and Sgt. Johnson.

6       Plaintiff's second amended complaint states that the CDC medical department is refusing

7   to treat his hepatitis C because of expense.  He states that Nurse Craw has sent him several

8   memos stating that he does not have hepatitis C, but that he can prove that he does have it.[1]  He

9   states that officials have bypassed his 602s; that he has been threatened and told to withdraw his

10  complaints; and that he has been denied access to the law library because of his litigation against

11  the institution.  He states that he is in danger because he has been placed with lifers when he is

12  minimum security.  He states that he almost died because Officer Bailey did not "call a man

13  down" when he was having an asthma attack, and that although he is disabled he was forced up

14  steep steps.  He states that on separate occasions Lt. Shaid and Sgt. Johnson removed him from

15  his cell and threatened him so that he would withdraw his 602 complaints regarding the asthma

16  attack and being forced up the steps.

17      Plaintiff names as defendants Arnold Schwarzenegger and "Mr. Fong, Medical CEO, et.

18  al."  The second amended complaint alleges no facts regarding the two named defendants and

19  therefore they must be dismissed.

20      The second amended complaint does not state a cognizable claim against Nurse Craw.

21  To state a section 1983 claim for violation of the Eighth Amendment based on inadequate

22  medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate

23  indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  To prevail,

24  plaintiff must show both that his medical needs were objectively serious, and that defendant

25  _____

26      [1] Plaintiff has submitted lab results showing that in July 2010 he tested positive for
    hepatitis C.  Dckt. No. 33 at 5.

possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992).  Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Neither defendant's negligence nor plaintiff's general disagreement with the treatment he received suffices to state a claim. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*,  838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).  In this case, the second amended complaint only alleges that Nurse Craw wrote memos stating that plaintiff did not have hepatitis C.  The complaint does not allege that Nurse Craw had a culpable state of mind, or explain why her conduct rose to the level of deliberate indifference.  This claim will therefore be dismissed with leave to amend.

The balance of plaintiff's allegations do not identify responsible defendants.  He must either abandon these allegations or file a third amended complaint identifying the responsible defendants.

Plaintiff may proceed forthwith to serve defendants Bailey, Shaid, and Johnson and pursue his claims against only those defendants or he may delay serving any defendant and attempt again to state a cognizable claim against Craw and other responsible defendants.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against Craw and other responsible defendants, he has 30 days so to do.  He is not obligated to amend his complaint.  However, if plaintiff elects to proceed forthwith against Bailey, Shaid, and Johnson, against whom he has stated a cognizable claim for relief, then within 30 days he must return materials for service of process enclosed herewith.

The court reiterates for plaintiff's benefit the following requirements.  Any amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded

1    It must show that the federal court has jurisdiction and that plaintiff's action is brought in

2    the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must

3    contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

4    personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

5    *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if

6    he does an act, participates in another's act or omits to perform an act he is legally required to do

7    that causes the alleged deprivation).

8    It must contain a caption including the name of the court and the names of all parties.

9    Fed. R. Civ. P. 10(a).

10   Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ.

11   P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences,

12   the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join

13   multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  Unrelated claims

14   against different defendants must be pursued in multiple lawsuits.  "The controlling principle

15   appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as

16   alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple

17   claims against a single party are fine, but Claim A against Defendant 1 should not be joined with

18   unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in

19   different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit

20   produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation

21   Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file

22   without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *George v. Smith*, 507 F.3d 605,

23   607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless

24   both commonality and same transaction requirements are satisfied).  Plaintiff may not change the

25   nature of this suit by alleging new, unrelated claims in an amended complaint. *George*, 507 F.3d

26   at 607 (no "buckshot" complaints).

1    The allegations must be short and plain, simple and direct and describe the relief plaintiff

2    seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v.*

3    *County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading,

4    including many defendants with unexplained, tenuous or implausible connection to the alleged

5    constitutional injury or joining a series of unrelated claims against many defendants very likely

6    will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

7    plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of

8    these instructions.

9    Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).  By signing an amended

10   complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his

11   allegations and that for violation of this rule the court may impose sanctions sufficient to deter

12   repetition by plaintiff or others.  Fed. R. Civ. P. 11.

13   A prisoner may bring no § 1983 action until he has exhausted such administrative

14   remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

15   *v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint plaintiff certifies his

16   claims are warranted by existing law, including the law that he exhaust administrative remedies,

17   and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims

18   against defendants Bailey, Shaid and Johnson.

19   The court turns to plaintiff's various filings.  Docket number 33 asks that the court order

20   that plaintiff's blood tests be sent to the court because Nurse Craw is lying by stating that he

21   does not have hepatitis C.  Plaintiff also asks that he be moved to a minimum security prison.

22   Docket number 34 states that plaintiff's food was served cold and asks that he be transferred to a

23   minimum security prison.  Docket number 35 is a notice stating that he was made to withdraw a

24   602 complaint by Lt. Shaid, who threatened him, saying "If you think your stay has been hard so

25   far, don't sign."  Plaintiff asks again to be removed from his prison.  Docket number 36 repeats

26   that Lt. Shaid forced him to sign a paper withdrawing his 602 "and some white sheet of paper he

would not allow me to read." Docket number 37 states that Sgt. Johnson also forced him to withdraw a 602, and that he has been blacklisted from the library. Docket number 40 states that he has been taken from the CDC to New Hampshire, and has therefore had a change of address and alias. Docket 41 reiterates his other allegations and states that he "does not deny that he has detainers in New Hampshire, but sees this current move and change of his name as a chance for DVI to get former employees to harass him or harm him." He also asks that the court compel DVI "to send all correspondence he's sent to Warden Salinas mention in Blk by the 602 officer."

Plaintiff provides no legal justification for his various requests. He is advised that the court exercises authority only on the claims at issue in the lawsuit. Plaintiff has not yet stated a cognizable claim against Nurse Craw or cognizable claims relating to cold food. Plaintiff's request to be moved out of DVI are moot, as he is currently housed in New Hampshire. The court denies plaintiff's requests. Further filings not authorized by the Federal Rules are discouraged.

Accordingly, the court hereby orders that:

1. Claims against all defendants except for Bailey, Shaid, and Johnson are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may file a third amended complaint to attempt to state cognizable claims. Plaintiff is not obligated to amend his complaint.

2. The allegations in the pleading are sufficient at least to state cognizable claims against defendants Bailey, Shaid, and Johnson. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the complaint filed July 26, 2010, three USM-285 forms and instructions for service of process on defendants Bailey, Shaid, and Johnson. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and four copies of the July 26, 2010 complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Defendants Bailey, Shaid, and Johnson will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against all other defendants without prejudice.

       3.  Failure to comply with this order will result in a recommendation that this action be dismissed.

       4.  The Clerk is directed to terminate dckt. nos. 33, 34, 36, 37, and 41.

Dated:  October 7, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6         FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8   JEREMY JAMISON aka
    DWAYNE GARRETT,

9          Plaintiff,                    No. CIV 10-0124 JAM EFB PS

10      vs.

11   DAVIS ENTERPRISE NEWSPAPER, et. al,

12          Defendants.

13   _____/          NOTICE OF SUBMISSION OF DOCUMENTS

14      In accordance with the court's order filed _____, plaintiff hereby

15   elects to:

16      (1)  _____   consent to the dismissal of defendants Schwarzenegger, Fong, and Craw

17   without prejudice, and submits the following documents:

18            __1__          completed summons form

19            __3__          completed forms USM-285

20            __4__          copies of the July 26, 2010 Second Amended Complaint

21      **OR**

22      (2)  _____   delay serving any defendant and files a third amended complaint in an

23   attempt to state other cognizable claims.

24   Dated:

25

26                      _____
                                      Plaintiff

                                      9