IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY JAMISON, aka
DWAYNE GARRETT,

      Plaintiff,                       No. CIV S-10-0124 JAM EFB PS

   vs.

DAVIS ENTERPRISE NEWSPAPER,
et al.,                                <u>ORDER AND</u>
                                           <u>FINDINGS AND RECOMMENDATIONS</u>
      Defendants.
                                 /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915. On October 8, 2010, the court determined that plaintiff's amended complaint stated a cognizable claim for relief against defendants Bailey, Shaid, and Johnson. Plaintiff submitted the required documents, and by separate order, the court ordered service on these defendants.

      Plaintiff has filed a number of additional pleadings and motions which are addressed herein. *See* Dckt. Nos. 46 (motion for discovery), 48 (motion for injunction), 49 (motion to amend the complaint), 51 (third amended prisoner civil rights complaint), 52 (motion for depositions), and 53 (motion for summary judgment).

////

1

## I. Discovery

Plaintiff's motion for discovery asks that several documents "be made available to the court." Similarly, plaintiff's motion for depositions asks that the court order that certain witnesses to the allegations in his complaint be deposed.

Plaintiff is advised that he must seek discovery directly from defendants, and not from the court and he is directed to the Federal Rules of Civil Procedure as to the methods by which he may conduct discovery. After the defendants have appeared in the case, plaintiff may seek discovery from them through the processes described in those rules and if a discovery dispute arises plaintiff may address it through an appropriate motion to compel provided by the federal rules. Plaintiff's motions for discovery and depositions (Dckt. Nos. 46, 52) are denied as premature.

## II. Motion for Injunction

Plaintiff's motion for an injunction states that his jail time in New Hampshire will soon be up and he will be transferred back to Deuel Vocational Institute, where the defendants in this case work. Dckt. No. 48 at 1. He states that he is in danger of being harmed because there is "an existing non refutable history and pattern of abuse." *Id.* He states that even though he is a minimum security nonviolent offender who is scheduled to be released in six months, he has been housed with prisoners who have life sentences, and these inmates are "known to be personal attack dogs for officers who reward them with privileges, drugs or cigarettes." *Id.* at 2. He also states that he is being denied treatment for "serious medical issues like Hep C which can kill him if gone untreated," and that he is "constantly abused even though he is disabled by being forced to make unreasonable walks, and climb steep steps." *Id.* He asks that he be moved to a minimum security federal prison until he is released. *Id.* at 3.

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir.1984); *Gon v. First State Ins. Co.*, 871

2

F.2d 863 (9th Cir.1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964).  In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, __ U.S. __, 129 S.Ct. 365, 374 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions-that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another-survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, __ F.3d __, 2010 WL 2926463, *3-4 (filed July 28, 2010).  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

    Here, plaintiff has failed to make such a showing.  First, he has not demonstrated that he is likely to succeed on the merits in the underlying matter.  His motion for an injunction does not thoroughly address the merits of his underlying case, and provides no evidence save a copy of a chrono showing that plaintiff has certain disabilities.  Second, he has not convincingly shown that he is likely to suffer irreparable harm in the absence of injunctive relief.  Although he states that the correctional officers that he sued may retaliate against him by bribing inmates to assault him, this contention is too speculative to clearly warrant the "exercise of a far reaching power" such as a preliminary injunction.  Plaintiff has not demonstrated that the balance of equities tips in his favor or that an injunction is in the public interests.  Thus, his motion for a preliminary injunction must be denied.

////

3

### III. Motion to Amend the Complaint

Plaintiff has filed a motion to amend the complaint and a third amended civil rights complaint. Dckt. No. 49. His motion states that he wishes to add as defendants Dr. Kim and Dr. Malet, the chief medical officer and the acting physician at Deuel Vocational Institute. *Id.* at 1. He states that Dr. Malet refused to treat his hepatitis C. Dr. Malet allegedly told plaintiff that he would not begin a year long treatment because plaintiff was due to be released in five months and "we could just put it off 'til you leave and save the taxpayers about four thousand dollars." *Id.* Plaintiff also filed two documents titled "Amended Complaint 2–supplemental." Dckt. Nos. 49-1, 2. The first document explains his claims against defendants Bailey, Johnson, and Shaid, and the second document asks that the court serve the Davis Enterprise Newspaper as a defendant in this action, as plaintiff wishes to sue them for racial profiling, bias, defamation, and cruel and unusual treatment.

Plaintiff has also filed a document styled "third amended prisoner civil rights complaint." *See* Dckt. No. 51. He asks that the court serve Dr. Espisito and Nurse Achilles of the Grafton County Department of Corrections Medical Department. He states that he asked them to treat his Hepatitis C, but that they responded, "although they ordered a Hep C test and it was positive that since California didn't see fit to treat me, neither would they, and that 'it's not our problem.'" *Id.* at 1.

Plaintiff is entitled to amend his complaint once as a matter of course within 21 days of serving it or 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a). Notwithstanding the labels plaintiff has used on his additional filings, he has not filed an amended complaint. He has only filed documents which, at best, constitute attempts to file supplemental complaints which are not permitted under the Local Rules, but not a true amended complaint. Thus, plaintiff is currently free to amend his complaint. However, plaintiff is admonished that an amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. Local

4

1 Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Therefore, plaintiff's motion to amend his complaint is denied as unnecessary. If plaintiff wishes to file an amended complaint, he must include all of his allegations against all defendants in a single document. Plaintiff is advised that he may not sue defendants on the same theories that the court has already rejected in previous orders.

**IV.   Default Judgment**

Plaintiff has filed a document titled "motion for summary judgment" which the court construes as a motion for default judgment. *See* Dckt. No. 53. He states that defendants have failed to respond to the complaint within 21 days. *Id.* Plaintiff does not seem to realize that at the time the motion was filed, defendants had not yet been served. Thus, defendants are not tardy in filing their response, and the motion should be denied.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motions for discovery are denied,

2. Plaintiff's motion to amend his complaint is denied as unnecessary, and

3. The Clerk is directed to terminate Dckt. Nos. 46, 49, and 52.

Further, it is hereby RECOMMENDED that:

1. Plaintiff's motion for a preliminary injunction be denied,

2. Plaintiff's motion for a default judgment be denied, and

3. The Clerk be directed to terminate Dckt. Nos. 48 and 53.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

////

////

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 9, 2010.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE