IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY JAMISON aka
DWAYNE GARRETT,

      Plaintiff,

vs.

BAILEY, et al.,

      Defendants.
_____/

No. CIV S-10-0124 KJM EFB PS

ORDER AND
FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915.

Plaintiff has filed a number of pleadings. *See* Dckt. Nos. 60 (motion for "temporary restraining order"), 61 (motion to submit evidence), 63 (motion to complete discovery), 64 (motion to dismiss), 65 (motion to appoint counsel), 66 (motion for separate trial issues), 67 (motion to appoint counsel), 69 (request to submit evidence), 70 (second amended complaint), 72 (motion to submit affidavits of plaintiff into evidence), 73 (motion for injunctive relief), 75 (motion to submit affidavits of plaintiff into evidence), 77 (motion to submit evidence and affidavit), 78 (motion to appoint counsel), 80 (motion to submit evidence and request for removal), 81 (request for clarification regarding reassignment of case), and 82 (motion to submit further evidence).

1

I.    **Motions for Injunctive Relief**

Plaintiff's first motion for injunctive relief states in part:

> Plaintiff reasserts that he is suffering irreparable injury by refusal of medical treatment by being in defendants' custody, by still being forced to walk great distances, despite his medical disabilities...Deliberately being kept away from the legal library and services, which will hurt his complaint against the defendants, and create a deliberate indifference and biasness, refusal to treat his Hep C mental health issue and others [illegible] in the late Nov motion...like the pain meds that I should be on and have not been given back upon my return from out of state...this current retaliation is real and tangible...

*See* Dckt. Nos. 60 at 1-2. He further alleges that the kitchen staff refused to feed him on December 1, 2010. *Id.* at 3. He asks that he be transferred to a federal prison. *Id.* He has submitted copies of some of his internal appeals and responses. *Id.*

In a separate filing, plaintiff states the following in support of his injunction request: after two weeks at Deuel Vocational Institute, he had not been issued his mental health, pain, asthma, and diabetic medications; he had not been put on the kitchen list for a kosher diet; he was not issued an ID; and he has not been issued his *Olson* review of his files. *See* Dckt. No. 61 at 1-2. He further states that despite his mobility and pain issues, he has been refused a wheelchair and has been forced to walk over 1000 feet round trip to the dining hall. *Id.* at 4. He has submitted a list of staff witnesses. *Id.* He further states that CDCR is deliberately preventing him from conducting an *Olson* review of his file. *Id.* at 5. He asks that the court appoint counsel to conduct depositions and gather affidavits from the witnesses. *Id.*

Plaintiff attaches several exhibits, including: a letter from the supervisor of medical records stating that the department made several attempts to provide him an *Olson* review but was unsuccessful as plaintiff was at court, and noting that there was no HIPAA authorization in his file; an internal appeal regarding his seizure medication and wheelchair request; a permanent chrono showing that he is restricted from climbing stairs and walking more than 50 to 60 yards at a time; and another medical document stating that he is mobility impaired but does not need a wheelchair, just a cane. *Id.* at 6-10.

Given the seriousness of the allegations in plaintiff's first motion for injunctive relief, defendants are ordered to submit an opposition or a statement of no opposition to the motion within seven days of the date of this order. Plaintiff may submit a reply brief within seven days of defendants' filing.

His second motion for injunctive relief rehashes the allegation in his complaint that he almost died when defendant Bailey refused to call a man down when he had an asthma attack. *See* Dckt. No. 73 at 1. Plaintiff further states that the nurse could not respond quickly enough because there is limited nursing staff and overcrowding at the prison. *Id.* at 1-2. He asks that the court order that a medical room with emergency equipment and an "around the clock medical emergency nurse or facilitator" be prepared for every two hundred prisoners in a unit. *Id.* at 2.

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir.1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir.1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions-that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another-survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary

relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff's second motion does not meet this standard. Plaintiff does not explain what harm he will suffer if the motion for injunctive relief is denied. He asks for additional emergency medical staff and resources, but does not explain how those things would prevent him from suffering irreparable harm before this suit can be litigated on the merits. Although he alleges that he did suffer from the lack of medical staff in the past, it would be far too speculative to grant an injunction on the grounds that he may suffer medical problems in the future. Neither has plaintiff attempted to demonstrate that he will succeed on the merits in the underlying matter, or that the balance of equities tips in his favor or that an injunction is in the public interest. His second motion for a preliminary injunction should therefore be denied.

### III. Motions to Submit Evidence

Plaintiff has filed several motions to submit evidence. *See* Dckt. No. 69 (attaching internal appeal where defendants "have admitted to my claim that they took me up steep stairs despite my disability"), 72 (affidavit regarding interview with Lt. Munoz who "told me he was investigating both the Johnson and Bailey incidents"), 75 (discussing plaintiff's transfer to Corcoran prison), 77 (complaining of lack of medical care, placement within prison, and retaliation; attaching internal appeals), 78 (discussing internal appeal response regarding defendant Johnson's alleged threats; attaching internal appeals), 80 (discussing and attaching internal appeals), 82 (discussing and attaching a letter to the warden and internal appeal response). Plaintiff has also submitted a document styled "Second Amended Complaint," that does not contain the allegations in the first complaint, but instead explains that plaintiff has been transferred to Corcoran Prison and asks again that he be moved to a federal minimum security prison. Dckt. No. 70.

It appears that plaintiff is attempting to supplement his complaint piecemeal, by sending the court arguments and factual details as they occur to him. This is unacceptable. The court does not have the time or resources to perform extensive docket review and to piece together

4

plaintiff's claims and evidence. As the court has already explained to plaintiff, plaintiff may file a true amended complaint that complies with the requirements of E.D. Cal. Local Rule 220 (any amended complaint must be complete in itself without reference to any prior pleading). That means that plaintiff may file an amended complaint setting out all of his claims in this case in a single document.

As this case is still in the pretrial stage, plaintiff may not enter documents into evidence at this time. If this case proceeds to trial, plaintiff may enter documents into evidence at that time. Plaintiff may also use his evidence to oppose any motion for summary judgment that defendants may file. Plaintiff is strongly discouraged from filing random documents and letters on the docket.

Plaintiff's motions to submit evidence are denied. Plaintiff may file an amended complaint containing all of his claims that is complete in itself without reference to any prior pleading.

**IV.     Additional Motions and Requests**

In a document styled "motion to dismiss," plaintiff "brings to the court's attention" that should defendants argue that his claims are unexhausted, he was prevented from exhausting due to threats by defendants. Dckt. No. 64. As the issue of exhaustion is not before the court at this time, plaintiff's motion is denied as unnecessary.

Plaintiff has requested that the court appoint counsel. *See* Dckt. Nos. 65, 67, and 78. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case. Accordingly, plaintiff's requests for counsel are denied without prejudice.

////

Plaintiff has filed a motion for "separate trial issues." *See* Dckt. No. 66. He asks that his claims against the Davis Enterprise Newspaper be tried separately from his claims against CDCR officers. Plaintiff is reminded that his claims against Davis Enterprise Newspaper have been dismissed, and that the newspaper is no longer a defendant in this action. The court explained to plaintiff in its April 22, 2010 screening order that he may not sue Davis Enterprise Newspaper and other related defendants under 42 U.S.C. § 1983, as they are not state actors or otherwise acting under color of state law. *See* Dckt. No. 6. The only defendants in this action are Bailey, Shaid, and Johnson. His motion is therefore denied.

Plaintiff asks the court to compel defendants to produce a number of documents. *See* Dckt. No. 63. However, defendants have only recently appeared in this action, and plaintiff does not claim that he has propounded discovery requests on them. Therefore, the motion is denied.

Finally, plaintiff asks for clarification regarding the court's recent order assigning the case to U.S. District Judge Kimberly J. Mueller. Dckt. No. 81. Plaintiff is informed that Judge Mueller was recently elevated from a United States Magistrate Judge to a United States District Judge. This case was randomly re-assigned to her upon her appointment.

## V.     Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motions to submit evidence are denied;

2. Plaintiff's motion for discovery is denied;

3. Plaintiff's motion to dismiss is denied as unnecessary;

4. Plaintiff's motion for appointment of counsel is denied;

5. Plaintiff's motion for separate trial issues is denied;

6. The Clerk is directed to terminate dckt. nos. 61, 63, 64, 65, 66, 67, 72, 75, 77, 78, 80 and 82; and

////

////

1    7. Defendants are ordered to submit an opposition or a statement of no opposition to
2 plaintiff's December 3, 2010 filing styled "Motion for Temporary Restraining Order" within
3 seven days of the date of this order.  Plaintiff may submit a reply brief within seven days of
4 defendants' filing.

5    Further, it is hereby RECOMMENDED that plaintiff's December 22, 2010 motion for
6 injunctive relief be denied.  *See* Dckt. No. 73.

7    These findings and recommendations are submitted to the United States District Judge
8 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
9 after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
12 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
13 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
14 DATED:  March 9, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE