IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY JAMISON aka
DWAYNE GARRETT,

      Plaintiff,                     No. CIV S-10-0124 KJM EFB P

    vs.

BAILEY, et al.,                     ORDER, DISCOVERY AND SCHEDULING
                                                      ORDER AND FINDINGS AND
      Defendants.                  RECOMMENDATIONS

                                 /

       Plaintiff is a state prisoner proceeding in an action brought under 42 U.S.C. § 1983. He has recently been appointed counsel, but before the appointment he filed several pro se motions.

       On March 9, 2011, the court ordered defendants to respond to plaintiff's December 3, 2010 motion for injunctive relief. On March 10, 2011, plaintiff filed another motion for injunctive relief. Defendants filed their oppositions to the two motions on March 14 and 16. Plaintiff filed reply briefs on March 21 and 28.

       The court also issued a discovery and scheduling order on March 9. Plaintiff filed a motion for a 90-day extension of time of all discovery dates, a motion to compel counsel, and a motion to compel CDCR to turn over documents on March 24. Defendants responded to these motions on March 29; plaintiff replied on April 6; defendants responded to his reply on April 11;

1

and plaintiff responded to defendants' response on April 20.[1]

## I. Request for Modification of the Discovery and Scheduling Order

Plaintiff asks that the dates in the scheduling order be extended 90 days. Defendants do not oppose plaintiff's request to extend discovery deadlines. Dckt. No. 95. Good cause appearing, plaintiff's request is granted and the discovery and scheduling order is modified as set out below. *See* Fed. R. Civ. P. 16(b).

## II. Request to Compel Documents

Plaintiff seeks to compel CDCR to turn over documents, including 602s and documents responsive to defendants' discovery requests. Dckt. No. 93. Plaintiff states that he does not know how to obtain the documents, but asks the court to mail defendants copies of all of the documents he has submitted to the court.

Plaintiff does not allege that he has requested documents from defendants pursuant to Fed. R. Civ. P. 34. Therefore the court must deny his motion to compel. *See* Fed. R. Civ. P. 37(a)(3), (4) (motion to compel can be brought if a party fails to answer or respond to a discovery request or gives an evasive or incomplete answer).

Plaintiff is informed that defendants already have access to all of the documents he has submitted to the court. Moreover, he is only obligated to produce documents to defendants that are in his "possession, custody or control." Fed. R. Civ. P. 34. If he is unable to obtain copies of the documents that defendants request, he need not produce those documents to defendants.

## III. Motions for Preliminary Injunction

As set out in the court's previous order, plaintiff's first motion for injunctive relief states in part:

> Plaintiff reasserts that he is suffering irreparable injury by refusal of medical treatment by being in defendants' custody, by still being forced to walk great distances, despite his medical disabilities . . . . Deliberately being kept away from

---

[1] Plaintiff also filed a pro se motion for preliminary injunction on June 16, 2011, after counsel was appointed to represent him. This motion will be ruled on in a later order.

> the legal library and services, which will hurt his complaint against the defendants, and create a deliberate indifference and biasness, refusal to treat his Hep C mental health issue and others [illegible] in the late Nov motion . . . like the pain meds that I should be on and have not been given back upon my return from out of state . . . this current retaliation is real and tangible . . .

In a separate filing, plaintiff states the following in support of his injunction request: after two weeks at Deuel Vocational Institute, he had not been issued his mental health, pain, asthma, and diabetic medications; he had not been put on the kitchen list for a kosher diet; he was not issued an ID; and he has not been issued his *Olson* review of his files. *See* Dckt. No. 61 at 1-2. He further states that despite his mobility and pain issues, he has been refused a wheelchair and has been forced to walk over 1000 feet round trip to the dining hall. *Id.* at 4.

Defendants' opposition does not address the merits of plaintiff's specific complaints. Dckt. No. 88. Rather, defendants argue that the court does not have jurisdiction to grant plaintiff's motion. At the time plaintiff filed the request for injunctive relief he was incarcerated at Deuel Vocational Institution; however, at the time of defendants' opposition, he was incarcerated at Corcoran State Prison. Defendants also argue that the court may not enjoin "defendants not before it;" that "it is obvious" that plaintiff seeks to enjoin CDCR, "and that entity is not before the court." *Id.* at 3. Defendants further state, "Since the CDCR is not before the court, no generalized injunction may issue." *Id.*[2]

Plaintiff's more recent motion for a preliminary injunction states that "over the past two weeks" he was raped and beaten by a lifer cellmate. Dckt. No. 86 at 2. Plaintiff is transgender. *Id.* The cellmate was known to have raped past cellmates and to be violent. *Id.* CDCR staff members deliberately gave plaintiff this cellmate in order to hurt or kill him in retaliation for complaints he filed. *Id.* at 1. Plaintiff states that he made "repeated cries for help to the mental

---

[2] Although the court does not recommend granting a preliminary injunction in this case, defendants' argument that the court does not have the power to enjoin CDCR is rejected. *See* Fed. R. Civ. P. 65(d) (an order granting an injunction or restraining order binds the parties, the parties' officers, agents, servants, employees, and attorneys, as well as other persons who are in active concert or participation with anyone described above).

counselor via the sick call forms, and was ignored." *Id.* He was taken to the hospital where he received a rape kit and a DNA test. *Id.* He asks that the court enjoin CDCR from celling him with lifers. *Id.* at 3.

Again, defendants' opposition does not address the merits of plaintiff's request. *See* Dckt. No. 90. Defendants' opposition[3] argues that because the operative complaint in this case contains only allegations against officers Bailey, Johnson and Shaid, who are employed at DVI, and plaintiff claims he was assaulted while incarcerated at Corcoran, "[t]his court is therefore without power to command or prohibit any action at that facility." *Id.* at 2.

In response, plaintiff writes that when he is released, he will be on parole, and in the event that he is returned to prison, he wants to have an injunction already in place. Dckt. No. 97. He alleges that, shortly after he was raped and beaten, he was moved to another yard, where he was forced to shower with a group of up to eight inmates. *Id.* at 4. Plaintiff is transgender and has breasts. *Id.* He complained to the officer who oversaw the move and to the Warden but his complaint "fell on deaf ears." *Id.*

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth

---

[3] The opposition consists of less than a full page of text.

Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions-that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another-survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).

Plaintiff's change of address shows that he was released from prison and is now incarcerated in the Yolo County Jail. As he is no longer in prison, his motions requesting changes in the conditions of his confinement in prison cannot be granted. His request for injunctive relief is therefore moot.

Plaintiff argues that he may return to prison at some point, and would like to have an injunction in place so that, if this does happen, he is not housed with lifers. But such a concern is speculative. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). If plaintiff finds that his conditions of confinement violate his constitutional rights, he may file a new lawsuit and a motion for preliminary injunction at that time.

Although plaintiff's motions for preliminary injunction must be denied, he raises serious allegations in these motions. Plaintiff has filed many documents containing many allegations regarding the conditions of his confinement at several institutions. Currently, this action proceeds on plaintiff's claims that he almost died because defendant Bailey did not "call a man down" when he was having an asthma attack; that plaintiff was forced to walk up steep steps despite his disability; and that defendants Shaid and Johnson removed him from his cell and threatened him so that he would withdraw his 602 complaints regarding these events. *See* Dckt. No. 44 at 3. He also alleges that correctional officers intentionally celled him with a known rapist. In denying the motion for preliminary injunction the court does not reach the merits of these allegations nor of any motion to amend the complaint to the extent that the allegations were

not included in the complaint.

**IV. Conclusion**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request to compel documents is denied; and

2. Plaintiff's motion for an extension of time is granted as follows:

    a. The parties may conduct discovery until September 29, 2011. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than July 31, 2011.

    b. Motions to amend the complaint shall be filed no later than September 29, 2011.

    c. Dispositive motions shall be filed on or before December 22, 2011. Motions shall be briefed in accordance with paragraph 7 of the order filed November 30, 2010.

    d. The court will schedule pretrial proceedings, if necessary, upon the resolution of any pretrial motions filed. Requests to modify this schedule will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

Further, it is hereby RECOMMENDED that:

1. Plaintiff's December 3, 2010 motion for injunctive relief be denied, and

2. Plaintiff's March 10, 2011 motion for injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

////

6

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: June 21, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE