IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY JAMISON aka
DWAYNE GARRETT,

      Plaintiff,                      No. CIV S-10-0124 KJM EFB P

   vs.

DAVIS ENTERPRISE NEWSPAPER,
et al.,

      Defendants.               ORDER

_____/

      Plaintiff is a prisoner represented by counsel in an action brought under 42 U.S.C. § 1983. The court appointed Kevin Schwin as plaintiff's attorney on May 11, 2011.

      On June 10, 2011, plaintiff filed a pro se motion for preliminary injunction. Dckt. No. 104. In this motion, plaintiff states that he does not have his attorney's address or phone number, and that he prepared the motion by himself as it "truly is an emergency and I desperately need in touch with my attorney. Maybe you can notify him of the enclosed emergency request for protection." Dckt. No. 104.

      On June 16 plaintiff filed a pro se change of address in which he writes, "Also forward this information to my attorney . . . . Please forward my attorney information to me as soon as possible." Dckt. No. 105.

1

1    Defendants filed a response to plaintiff's pro se filings.  Dckt. No. 106.  Defendants'
2 counsel filed a declaration stating that she had contacted plaintiff's counsel, stating in part:

> Mr. Schwin and I discussed the logistics of the discovery and scheduling order and the probable necessity of amending it to reflect the time necessary for his entrance into the case and "getting up to speed."  Mr. Schwin indicated that he intended to amend the complaint as well as amend the scheduling order . . .
> When I received MR. JAMISON's motion for a preliminary injunction, I e-mailed Mr. Schwin to indicate that I would prefer not to have to oppose MR. JAMISON's injunction as he had counsel on board. I asked if we could stipulate to withdraw this motion, at least temporarily. Mr. Schwin responded that he was in the process of reading the motion. I then asked what he thought of the motion, but I have not heard anything since this e-mail chain of June 13, 2011.

Dckt. No. 106-1 at 1-2.

On June 27 plaintiff filed, pro se, a reply brief titled "emergency motion."  Plaintiff states that he is in imminent danger because he is scheduled to be sent back to the CDC for twelve months, where he was recently beaten and raped by an inmate who threatened to kill him if he told anyone about the assault.  The inmate has many connections with other inmates and staff. Plaintiff fears that he will be retaliated against because he told officials about the rape and beating.  He states that a prison order states that he has "no custody needs or concerns, meaning no enemies, which is a lie, no mobility issues, which is a lie, no special medical needs, which is a lie." *Id.* at 5.  He states "the notice of prison return is a death warrant." *Id.*

Plaintiff attaches a document with the "no special custody needs or concerns" box checked.  In light of plaintiff's previous assertions in this case that he is transgender and has breasts, takes medication, and has mobility issues, the document is troubling.

Defendants filed another declaration, stating "I would ask the court to either deny this motion or delay a decision on it until MR. JAMISON's court appointed attorney, Kevin Schwin, makes an appearance in this case." Dckt. No. 109 at 1. The attorney declares that Mr. Schwin has not responded to her email.

From these filings, it appears that plaintiff's appointed counsel may not be in contact with either his client or defendants' counsel.  Neither has plaintiff's appointed counsel re-drafted

plaintiff's pro se motion for preliminary injunction or noticed it for hearing. *See* Local Rule 230.

Accordingly, IT IS HEREBY ORDERED that:

1. Within seven days of the date of this order, plaintiff's counsel shall explain to the court what steps he has taken to communicate with his client, and on how many occasions they have communicated; why he has not yet appeared in this action; whether plaintiff's pro se motion for preliminary injunction should be noticed for hearing and/ or granted, and if not, why not; whether he has met and conferred with opposing counsel, and if so, when; whether he has begun conducting discovery; what other efforts he has made thus far to further his client's case; and whether he intends to seek leave to file an amended complaint and/ or a modification of the discovery and scheduling order.

2. Failure to comply with this order may result in the imposition of sanctions.

3. The Clerk of the Court is directed to serve a copy of this order upon plaintiff at his Yolo County Jail address.

DATED: June 30, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3