IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY JAMISON,

      Plaintiff,                     No. CIV S-10-0124 KJM EFB P

    vs.

BAILLIE, et al.,

                                   ORDER AND
      Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a prisoner represented by counsel in an action brought under 42 U.S.C. § 1983. Plaintiff filed a First Amended Complaint through counsel ("FAC") on August 3, 2011. Dckt. No. 127.

      On August 22, defendants moved to dismiss the third cause of action in the FAC. Dckt. No. 132. Their motion was set for hearing before the undersigned on September 28, 2011. Dckt. No. 135. On September 1, plaintiff filed an opposition to the motion to dismiss, seeking leave to file a Second Amended Complaint to correct "any alleged defects in the First Amended Complaint Through Counsel," and arguing that the motion to dismiss should be denied as moot. Dckt. No. 138-1 at 2. Defendants' reply brief states that they "have no objection to the filing of this [third amended] complaint, but reserve the right to challenge it." Dckt. No. 139.

////

1

The federal rules provide that a party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after the service of a motion under Rule 12(b), (e), or (f), whichever is earlier. *See* Fed. R. Civ. P. 15(a). In all other cases, a party may amend its pleading only with the opposing party's written consent or with the court's leave, which should freely be given when justice so requires. *See id.* at 15(b).

Plaintiff argues that he is free to amend his complaint under 15(a), as he filed a request to do so within 21 days of the date defendants served their responsive pleading. However, plaintiff admits that he filed several complaints in this action before counsel was appointed. *See* Dckt. Nos. 70, 51, 40, 39, 11, 1. Therefore he is not entitled to amend his complaint as a matter of course.

However, plaintiff is entitled to amend his complaint under Rule 15(b), as all of the defendants that are currently parties to this action have given written consent to the filing of the second amended complaint. *See* Dckt. No. 139. Plaintiff's second amended complaint also seeks to add the State of California, the California Department of Corrections, and the County of Yolo as defendants. *See* Dckt. No. 138-2 at 2. As these defendants have not appeared in this action, they will not be prejudiced by the timing of the filing of the amended complaint.[1]

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request to amend his complaint is granted

2. Within three days of the date of this order, plaintiff shall file his Second Amended Complaint Through Counsel as a separate docket entry.

3. The hearing on defendants' motion to dismiss, which is currently set for September 28, 2011, is vacated.

////

---

[1] The court takes no position on the validity of plaintiff's causes of action against these defendants.

1   Further, it is RECOMMENDED that defendants' motion to dismiss be denied as moot.

2   These findings and recommendations are submitted to the United States District Judge
3   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after
4   being served with these findings and recommendations, any party may file written objections
5   with the court and serve a copy on all parties.  Such a document should be captioned "Objections
6   to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the
7   specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158
8   F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

9   DATED: September 22, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3