IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY JAMISON,

        Plaintiff,                    No. CIV S-10-0124 EFB P

    vs.

BAILLIE, et al.,

        Defendants.         ORDER

_____/

        Plaintiff is a prisoner represented by counsel in an action brought under 42 U.S.C. § 1983. Plaintiff filed a second amended complaint through counsel on September 22, 2011.

        Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

        The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states cognizable claims against defendants Shaid, Bailey, and Johnson under 42 U.S.C. § 1983 and against the State of California and the California Department of

1

Corrections under the Americans with Disabilities Act.

For the reasons stated below, the second and fourth causes of action in the second amended complaint--violations of 42 U.S.C. § 1985 and Cal. Civ. Code 52.1 and 52 against the individual defendants-- not state cognizable claims. These causes of action will therefore be dismissed with leave to amend.

Section 1985 proscribes conspiracies to interfere with an individual's civil rights. To state a cause of action under section 1985(3), a plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States. *Gillispie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980); *Giffin v. Breckenridge*, 403 U.S. 88, 102–03, (1971). But Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions. *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). Here, plaintiff has alleged that defendants Shaid, Bailey, and Johnson conspired with Doe defendants to have plaintiff sexually assaulted in retaliation for his refusal to withdraw his administrative appeals against them. Plaintiff's complaint does not suggest that these defendants were motivated by racial or other class-based discriminatory animus.

In addition, the Ninth Circuit has held that a claim under § 1985 must allege specific facts to support the allegation that defendants conspired together. *Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir.1988). A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. *Id.*; *Sanchez v. City of Santa Anna*, 936 F.2d 1027, 1039 (9th Cir. 1991). Here, plaintiff has not pled specific facts to support his allegations that the individual defendants entered into an agreement to have plaintiff transferred to Corcoran State Prison and sexually assaulted.

Plaintiff alleges violations of California Civil Code § 52.1 for the threats and intimidation alleged in the second amended complaint. Section 52.1 states, in relevant part:

> (a) If a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California, in order to protect the peaceable exercise or enjoyment of the right or rights secured...
>
> (b) Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured.

Cal. Civ. Code § 52.1.

However, California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. A plaintiff must have presented a written claim and had the claim acted on or rejected before filing suit. *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir.1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. *Id.* Here, plaintiff has not alleged compliance with the Tort Claims Act.

In addition, plaintiff does not state a cognizable A.D.A. claim of action against Yolo County. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II applies to state prisons. *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998).

////

> To state a claim under Title II of the ADA, the plaintiff must allege: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (internal quotation marks omitted); *see also Simmons v. Navajo County*, 609 F.3d 1011, 1021 (9th Cir. 2010). Here, plaintiff has alleged only that Yolo County issued him a "Notice of Return to Prison stating that Plaintiff had no special needs." Dckt. No. 141 at 8. Thus, plaintiff does not allege that Yolo County discriminated against him by reason of his disability, but only that the entity made a mistake in his file by not ensuring that his disabilities were listed on his file.

Plaintiff also seeks to sue Doe defendants 1-20. The use of Doe defendants in federal court is problematic, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary. Should plaintiff learn through discovery the identities of parties he wishes to serve, he must promptly move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint to add them as defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197–98 (9th Cir. 2003). If the timing of his amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c). Rule 15(c), not the state practice of Doe pleading, is the controlling procedure for adding defendants who identities were discovered after commencement of the action.

Plaintiff may elect to proceed only on his § 1983 and A.D.A. claims against California and Department of Corrections, or he may attempt again to state cognizable claims under § 1985, Cal. Civ. Code §§ 52.1 and 52, and the A.D.A. against Yolo County. Plaintiff is not obligated to amend his complaint, but is granted 30 days in which to do so.

////

////

////

Accordingly, the court hereby ORDERS that:

1. Within 30 days of service of this order, plaintiff may file a third amended complaint through counsel to attempt to cure the deficiencies explained in this order. Plaintiff is not obligated to amend his complaint. If plaintiff does not file a third amended complaint, the court will recommend that his § 1985, Cal. Civ. Code §§ 52.1 and 52, and A.D.A. claims against Yolo County be dismissed.

2. The allegations in plaintiff's second amended complaint through counsel are sufficient at least to state cognizable claims against defendants Shaid, Bailey, Johnson, the State of California, and the California Department of Corrections. *See* 28 U.S.C. § 1915A.

3. If plaintiff does not file an amended complaint, defendants must respond to the second amended complaint within 21 days after plaintiff's time for doing so expires.

Dated: November 16, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE