KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
RENE L. LUCARIC, State Bar No. 180005
Supervising Deputy Attorney General
DAVID A. CARRASCO, State Bar No. 160460
Deputy Attorney General
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013
 Telephone:  (213) 897-6334
 Fax:  (213) 897-7604
 E-mail:  David.Carrasco@doj.ca.gov
*Attorneys for Defendants*
*State of California, California Department of
Corrections and Rehabilitation, Bailey, Garza,
Johnson, Shaid, and Rodriguez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **JEREMY JAMISON,**<br><br>                                   Plaintiff,<br><br>        v.<br><br>**SHAID, et al.,**<br><br>                                   Defendants. | 2:10-CV-00124 KJM EFB<br><br>**STIPULATION FOR PROTECTIVE ORDER AND ORDER**<br><br>Trial Date:  November 9, 2015<br>Action Filed:  January 14, 2010 |

THE PARTIES STIPULATE TO A PROTECTIVE ORDER AS FOLLOWS:

**A.  CONFIDENTIAL MATERIAL SUBJECT TO THIS PROTECTIVE ORDER**

Plaintiff has requested documents relating to staff complaints he has made against staff at the Deuel Vocational Institute and the California Substance Abuse Treatment Facility and State Prison.  The California Department of Corrections and Rehabilitation (CDCR) deems some documents relating to Plaintiff's staff complaints as confidential material because they refer to employees who are not parties in this action.  All confidential material is "official information" within the meaning of California Evidence Code sections 1043 and 1045 and Penal Code section 832.7 and 832.8.  In addition, the confidential material is subject to a qualified privilege as official information under Federal common law.

As are countless other inquiries into staff complaints by inmates, the confidential material in this case was prepared on the basis of, among other things, interviews with custodial staff with the understanding that statements made in the course of the interviews would remain confidential. The disclosure of the confidential material without a protective order would undermine CDCR's ability to assure its employees that their statements will be maintained in confidence. The likely result of unprotected disclosure of these reports is that CDCR employees, whether subjects of inquiries into inmates' staff complaints or witnesses to incidents that are the subject of such inquiries, will be unwilling or less willing to cooperate with investigators. Accordingly, a protective order is warranted for these reports.

**B. CONDITIONS FOR RELEASE OF CONFIDENTIAL MATERIAL**

CDCR will produce the confidential material, subject to this protective order on the following conditions:

1. The social security numbers and any other confidential personal information of the CDCR employees who are the subject of the confidential material shall be redacted.

2. The confidential material may be disclosed only to the following persons:

(a) Counsel of record for Plaintiff in this action;

(b) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel for Plaintiff;

(c) Court personnel and stenographic reporters engaged in such proceedings as are incidental to the preparation for the trial in this action;

(d) Any outside expert or consultant retained by Plaintiff's counsel for purposes of this action;

(e) Witnesses to whom the confidential material may be disclosed during the preparation for trial and trial, provided that no witness may not have copies of any of the confidential material, and each witness shall be informed and agree to be bound by the terms of this order. In no event may Plaintiff or any other inmate have possession of any material produced under this stipulation.

    3.  Plaintiff's counsel and his legal assistants and consultants shall not make copies of the confidential material except as necessary for purposes of this litigation.

    4.  All confidential material in possession of Plaintiff's counsel shall be destroyed or returned to the CDCR within 20 days of the time it is no longer needed for purposes of this litigation.

    5.  When Plaintiff's counsel returns or destroys the confidential material, he shall provide Defendants' counsel with a declaration stating the all confidential material has been returned or destroyed.

    6.  No confidential material obtained by Plaintiff's counsel shall be disclosed except as is necessary in connection with this or related litigation, including appeals, and not for any other purpose, including any other litigation.

    7.  Any confidential material filed with the Court by either party shall be filed and maintained under seal.

    8.  Nothing in this protective order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to confidential material to which they would have access in the normal course of their official duties.

    9.  The provisions of this protective order are without prejudice to the right of any party:

      (a)  To apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation;

      (b)  To apply to the Court for an order removing the confidential material designation from any documents;

      (c)  To object to a discovery request.

/ / /

/ / /

/ / /

10. The provisions of this order shall remain in full force and effect until further order of this Court.

IT IS SO STIPULATED.

Dated: February 17, 2015         /s/ David A. Carrasco
DAVID A. CARRASCO
Attorney for Defendants
*State of California, California Department of Corrections and Rehabilitation, Bailey, Garza, Johnson, Shaid, and Rodriguez*

Dated: February 17, 2015         /s/ Kevin Schwin
KEVIN SCHWIN
Attorney for Plaintiff
*Jeremy Jamison*

**IT IS SO ORDERED**

Dated: February 26, 2015
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

SA2013307833
61488579.doc